# CIRCUIT COURT OF THE CITY OF NORFOLK

Gregory Parker

v.

A. D. Robinson,
Warden

January 8, 1997

Case No. CR942393F08

BY JUDGE EVERETT A. MARTIN, JR.

After having received the transcripts of the defendant's guilty plea on December 9, 1994, his sentencing on February 3, 1995, and the hearing on the pending writ held on October 24, 1996, I make the following findings of fact as required by Code of Virginia (1950) § 8.01-654(B)(5).

The petitioner was indicted for rape (§ 18.2-61), sodomy (§ 18.2-67.1), and indecent liberties with a minor (§ 18.2-370.1). The first two offenses carried a maximum punishment of life imprisonment, and the latter offense carried a maximum imprisonment of five years.

The petitioner entered into a plea agreement with the Commonwealth under which he would plead guilty to rape and the Commonwealth would make a motion *nolle prosequi* on the indictments for sodomy and indecent liberties. The written plea agreement placed no maximum limit on the sentence the court could impose on the petitioner on the rape conviction. Paragraph 4 of the written plea agreement stated: "This Plea Agreement is the total agreement between the parties. There have been no other inducements, promises, or coercion of any kind imposed upon the defendant nor suggested to the defendant by the Attorney for the Commonwealth or any agent of the Commonwealth."

When the petitioner pleaded guilty on December 9, 1994, the Court did not ask him if the Commonwealth's Attorney had made any promises that were not contained in the written plea agreement. (Tr., Dec. 9, 1994, pp. 3-5.)

The petitioner asked Mr. Demps about the written plea agreement's omission of the twenty-year limit on his sentence, and Mr. Demps told the petitioner not to be concerned as Mr. Swartz was a man of his word. (Tr., Oct. 24, 1996, pp. 16-17, 34, 36.) Mr. Demps confirmed that the petitioner questioned him about an omission, and Mr. Demps testified that he described Mr. Swartz as a man of his word; however, Mr. Demps claims the omission was Mr. Swartz's promise not to argue for a sentence in excess of twenty years. (Tr., Oct. 24, 1996, p. 57.)

On February 3, 1995, the Court sentenced the petitioner to fifty years in prison with twenty years suspended.

The Assistant Commonwealth's Attorney, Jeffrey Swartz, made no promise to J. Edgar Demps, former counsel for the petitioner, with respect to any maximum sentence. Mr. Swartz may have told Mr. Demps that he would not ask the court to impose a sentence in excess of twenty years' imprisonment, but assuming this promise was made, Mr. Swartz did not violate it because he did not argue for any specific sentence. He only asked the Court to sentence the defendant "at the top of that [guideline] range." The mid-point of the sentencing guidelines was twelve years; the high end was fourteen years, four months. (Tr., Feb. 3, 1995, p. 98.)

Nonetheless, Mr. Demps told the petitioner that Mr. Swartz had agreed to a maximum sentence of twenty years. The petitioner and his mother both testified to this. (Tr., Oct. 24, 1996, pp. 12-13, 16-18, 39-41.) Ordinarily, the court would not give great weight to the testimony of a prisoner serving a thirty-year sentence as he has an obvious motive to lie. The testimony of a prisoner's mother ought also to be viewed skeptically. However, in this case, Mr. Demps filed a motion for modification of sentence on February 24, 1995, the second paragraph of which stated: "The defendant and the Commonwealth's Attorney had a verbal agreement that there would be a twenty (20) year cap on the defendant's sentence." Had Mr. Demps only told the petitioner that Mr. Swartz would not argue for a sentence in excess of 20 years (which is what Mr. Demps testified on October 24), there would have been no purpose in filing the motion, as Mr. Swartz did not argue at the sentencing for a sentence in excess of twenty years. The petitioner was transferred to the Department of Corrections before the motion could be heard, and thus the Court lost authority to modify the sentence. Code of Virginia § 19.2-303.

Mr. Demps's explanation that he committed a drafting error in preparing the motion in haste (Tr., Oct. 24, 1996, pp. 48-49) is not persuasive. An experienced criminal defense attorney should understand the significant difference between a plea agreement that contains a maximum sentence and one that contains only a limit on the maximum sentence the prosecutor will ask the Court to impose. See Appendix of Forms to Part 3A of the Rules of the Supreme Court, Form 6, question 21.

The petitioner and his mother also testified that Mr. Demps advised them before the petitioner pleaded guilty that he would only be required to serve one-sixth of any sentence imposed before he would be eligible for parole. (Tr., Oct. 24, 1996, pp. 13, 41.) Mr. Demps testified that his only recollection of discussing parole with the petitioner was after the sentence was imposed but that it was possible that he discussed it with the petitioner at his office. (Tr., Oct. 24, 1996, pp. 49-50.) The Court also finds the petitioner and his mother more credible on this issue.

At the time the petitioner was sentenced, §§ 53.1-151(E)(1) and 53.1-199 required that anyone convicted of and sentenced to the penitentiary for rape serve at least two-thirds of the sentence imposed before being eligible for parole.

The defendant's plea of guilty was motivated by four factors: (a) his belief that he would receive no more than twenty years' imprisonment, (b) his belief that he would be eligible for parole after serving one-sixth of that sentence, (c) his fear of two life sentences (Tr., Oct. 24, 1996, pp. 13-14), and (d) his consciousness of his own guilt (Tr., Oct. 24, 1996, pp. 30-31).

I make the following conclusions of law.

A defendant who pleads guilty, is convicted, and thereafter alleges ineffective assistance of counsel must establish that (a) his counsel's representation fell below an objective standard of reasonableness and (b) there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985). The second requirement is usually described as requiring the defendant to show prejudice.

A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Ostrander v. Green*, 46 F.3d 347, 355 (4th Cir. 1995), *overruled on a different ground, O'Dell v. Netherland*, 95 F.3d 1214 (4th Cir. 1996).

A defense attorney has no obligation to advise his client about parole eligibility, but, if he does so, he must not grossly misinform his client about the law. *Ostrander v. Green*, 46 F.3d at 355; *Strader v. Garrison*, 611 F.2d 61 (4th Cir. 1979).

The written plea agreement in this case is unambiguous. Parol evidence is not ordinarily admissible to alter the terms of an unambiguous plea agreement. However, parol evidence is admissible if there is "a showing that the plea was, on account of 'misunderstanding, duress, or misrepresentation by others,' so involuntary as to make it 'a constitutionally inadequate basis for imprisonment'." *Hartman v. Blankenship*, 825 F.2d 26, 29 (4th Cir. 1987). Such a showing has been made here.

In informing the petitioner that Mr. Swartz had agreed to a twenty-year maximum sentence when no such agreement actually existed and that the petitioner would be eligible for parole after serving one-sixth of a sentence for rape, Mr. Demps's representation fell below the range of competence demanded of attorneys in criminal cases.

The prejudice element is a more difficult question. However, as the *Ostrander* court stated, do I remain confident that a reasonable defendant in petitioner's position would have pleaded guilty anyway had he known there was no agreed maximum sentence and that he would have to serve two-thirds of the sentence before parole eligibility after he had been advised that a sentence no longer than twenty years would be imposed and that he would be eligible for parole after having served only one-sixth of the sentence? I do not.

A writ of *habeas corpus ad subjiciendum* will issue.